NO. 07-10-00073-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 19, 2011

_____

TEDRICK WATTERS, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. A17719-0808; HONORABLE EDWARD LEE SELF, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Tedrick Watters appeals the revocation of his community supervision. His court-appointed appellate counsel has filed a motion to withdraw and an *Anders*[1] brief. We will grant counsel's motion to withdraw and affirm the judgment of the trial court.

---

[1] *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *see In re Schulman,* 252 S.W.3d 403 (Tex.Crim.App. 2008).

By information[2] filed August 8, 2008, appellant was charged with aggravated assault, causing serious bodily injury.[3] He plead guilty to the charge and stipulated to supporting evidence of guilt. The trial court accepted his plea, adjudged him guilty, and sentenced him to nine years confinement suspended in favor of ten years community supervision. The court also assessed a fine, costs, and attorney's fees.

On January 10, 2010, the State filed a motion to revoke appellant's community supervision. The motion alleged multiple violations of the terms of appellant's community supervision order including testing positive for marijuana, failing to report to the community supervision office as ordered, failing to abide by the ordered curfew, failing to remain current in payment of ordered restitution, fees, and costs, failing to complete community service hours for sixteen months, failing to report two arrests to the community supervision officer within twenty-four hours, and failing to take a G.E.D. test within one year.

At the February 12, 2010, revocation hearing, after his plea of "not true" to all but one of the violations alleged, appellant's community supervision officer testified.[4] She presented some evidence of each violation being heard, although she testified appellant failed to complete community service hours for fifteen months rather than the sixteen

_____

[2] Appellant executed a waiver of the right to prosecution by indictment.

[3] *See* Tex. Penal Code Ann. § 22.02(a)(1) (West Supp. 2010). Aggravated assault is a second degree felony with a punishment range of two to twenty years and may include a fine not to exceed $10,000. *See* Tex. Penal Code Ann. § 22.02(b) (West Supp. 2010), § 12.33 (West Supp. 2010).

[4] Before the hearing began, the State abandoned an allegation that appellant violated a term of community supervision requiring he commit no new offense.

2

months alleged. On cross-examination, the officer agreed appellant had not admitted use of marijuana, participation in some community service hours was disputed, appellant was jailed on the date of one required community supervision appointment, and subsequent incarceration by appellant accounted for some of his missed payments. Appellant testified. He explained a majority of community service appointments were missed because he was drinking. He used alcohol and marijuana to the point of losing consciousness. According to appellant, other than times of incarceration, he used marijuana and alcohol daily. At the conclusion of the hearing, the court found appellant violated the terms of his community supervision order and imposed the original sentence. Appellant timely appealed the revocation of community supervision.

Appellant's appointed appellate counsel has filed a motion to withdraw supported by an *Anders* brief. In counsel's opinion, nothing in the record establishes reversible error and the appeal is frivolous. The brief discusses the case background, the grounds alleged for revocation, and the evidence presented at the hearing. The brief cites applicable law. Applying the law to the facts counsel concludes the trial court did not abuse its discretion by revoking appellant's community supervision and imposing the original sentence. Correspondence from counsel to appellant indicates counsel supplied appellant a copy of the *Anders* brief and counsel's motion to withdraw. The correspondence also points out the right of appellant to review the record and file a *pro se* response and his right to file a *pro se* petition for discretionary review in the Court of Criminal Appeals should he receive an adverse decision by this court. By letter, this court also notified appellant of his opportunity to submit a response to the *Anders* brief and motion to withdraw filed by his counsel. Appellant did not file a response.

3

In conformity with the standards set out by the United States Supreme Court, we do not rule on the motion to withdraw until we have independently examined the record. *Nichols v. State,* 954 S.W.2d 83, 86 (Tex.App.--San Antonio 1997, no pet.). If this court determines the appeal arguably has merit, we will remand it to the trial court for appointment of new counsel. *Stafford v. State,* 813 S.W.2d 503, 511 (Tex.Crim.App.1991). We have reviewed the entire record to determine whether there are any arguable grounds which might support an appeal. *See Penson v. Ohio,* 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Bledsoe v. State,* 178 S.W.3d 824 (Tex.Crim.App. 2005). We have found no arguable grounds supporting a claim of reversible error, and agree with counsel that the appeal is frivolous.

Accordingly, we grant counsel's motion to withdraw[5] and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

---

[5] Counsel shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review. Tex. R. App. P. 48.4.

4